**STATE of Minnesota, petitioner, Appellant,**

v.

**Dennis Eugene RICHARDSON, Respondent.**

**No. C5–99–1819.**

Supreme Court of Minnesota.

March 15, 2001.

---

## OPINION

LANCASTER, Justice.

Respondent Dennis Eugene Richardson was charged in Kandiyohi County with driving after revocation of his license, in violation of Minn.Stat. § 171.24, subd. 2(3) (2000). Richardson moved to dismiss the charge, claiming that all evidence should be suppressed because the traffic stop was not supported by reasonable suspicion. The district court granted the motion and the state brought a pretrial appeal under Minn.R.Crim.P. 28.04. The court of appeals affirmed. We conclude that the low-

er courts erred; therefore, we reverse and remand for trial.

The essential facts are not disputed. On July 9, 1999, Atwater Police Dispatch sent out an "attempt to locate" call for a car traveling the Willmar–Atwater stretch of Highway 12; the car was reported to be "driving all over the road." The radio message described the car as a red Plymouth and gave its license plate number. This information was relayed from the state patrol, which had in turn received its information from a motorist.[1] An Atwater police officer, driving from Willmar to Atwater on Highway 12 and monitoring the police radio, saw an approaching red vehicle cross over the fog line and come back across its lane to the center line. The officer observed that the car's license plate number matched that of the car reported in the radio dispatch. The officer stopped the vehicle and discovered that the license of the driver, Richardson, had been revoked. The officer cited Richardson for driving after license revocation.

Richardson moved to dismiss the complaint, claiming that all evidence should be suppressed, arguing that neither the information provided to the officer in the radio dispatch nor the officer's own observations provided sufficient particularized facts to support the reasonable suspicion required for a stop. The district court concluded that the traffic stop had violated Richardson's right against unreasonable seizure under the Fourth Amendment to the United States Constitution; the court suppressed all evidence and dismissed the complaint. In an unpublished opinion, a divided panel of the court of appeals affirmed the suppression of evidence and dismissal of the complaint.

■ We will normally reverse a district court's pretrial decision to suppress evidence only when the state demonstrates clearly and unequivocally that the district court erred in its judgment and that the

error will have a critical impact on the outcome of the trial. *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992); *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977). Where, as in this case, the facts are not in dispute and the decision to suppress is a question of law, we may independently review the facts and determine whether, as a matter of law, the evidence needs to be suppressed. *Othoudt*, 482 N.W.2d at 221.

■ A brief investigatory stop by police requires reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21–22, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such a stop is lawful "if the state can show the officer to have had a 'particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *State v. Pike*, 551 N.W.2d 919, 921 (Minn.1996) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). The investigatory stop must be based upon specific and articulable facts that, along with rational inferences from those facts, reasonably warrant the intrusion of a stop, but it is not necessary that the police detect an actual violation of the law. *Id.* at 921–22. In determining whether a stop is justified, we consider the totality of the circumstances and acknowledge that trained law enforcement officers are permitted to make inferences and deductions that would be beyond the competence of an untrained person. *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983).

■ In this case, the police officer saw an oncoming vehicle cross and recross the fog line after he had been apprised by a radio report that the same vehicle had been reported to be driving "all over the road." This combination of the officer's own observations, together with information received in the police dispatch, was sufficient to give the officer a particularized and objective basis for suspecting the driver of criminal activity. Erratic driving of the type observed by the officer and

---

1. The dispatch announcement did not include any information regarding the identity of the reporting motorist and it is unknown whether the state patrol received the motorist's name when the information was phoned in.

reported by the motorist could reasonably indicate violation of any of a number of Minnesota statutes.[2] *E.g.,* Minn.Stat. § 169.13, subd. 2 (2000) (operating a vehicle in manner likely to endanger property or person, including driver); Minn.Stat. § 169A.20, subd. 1(1) (2000) (operating a vehicle under the influence of alcohol). Even observing a motor vehicle weaving within its own lane in an erratic manner can justify an officer stopping a driver. *Kvam,* 336 N.W.2d at 528.

Both the court of appeals and the respondent compare this case to *Olson v. Comm'r of Pub. Safety,* 371 N.W.2d 552 (Minn.1985), in which we held that an anonymous citizen report of a possibly drunken driver, giving the vehicle's license plate number and vehicle's location and direction of travel, did not provide reasonable suspicion for a traffic stop. *Id.* at 554, 556. In *Olson,* the police did not observe any erratic driving before they stopped the vehicle, and were acting solely on the unidentified motorist's tip. *Id.* at 553. In contrast, here the officer's independent observation of erratic driving forms part of the totality of the circumstances to which we look for justification of the stop.

After an independent review of the undisputed facts, we conclude that the district court erred in its determination that the officer's stop of Richardson was unlawful. We hold that the officer was in possession of specific, articulable facts that, together with rational inferences from those facts, provided an objective basis for suspicion of criminal activity and therefore, the stop was warranted.

Reversed and remanded.

---

**2.** The state argues that Officer Schmidt actually observed (as opposed to reasonably suspected) two traffic violations when he saw Richardson cross the fog line: first, that Richardson was not driving in the "roadway" as required by Minn.Stat. § 169.18, subd. 1 (2000), and second, that Richardson drove outside his marked traffic lane in violation of Minn.Stat. § 169.18, subd. 7(a) (2000). Because we determine that the stop was justified based on reasonable suspicion, we do not address this argument.