*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0338**

State of Minnesota,
Appellant,

vs.

Robert Carl Thoensen,
Respondent.

**Filed July 5, 2016
Affirmed
Rodenberg, Judge**

Steele County District Court
File No. 74-CR-15-2257

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Daniel A. McIntosh, Steele County Attorney, Owatonna, Minnesota (for appellant)

Melvin R. Welch, Welch Law Firm, LLC, St. Paul, Minnesota (for respondent)

        Considered and decided by Rodenberg, Presiding Judge; Peterson, Judge; and Bjorkman, Judge.

## U N P U B L I S H E D   O P I N I O N

**RODENBERG**, Judge

        The state challenges the district court's pretrial suppression order, arguing that the district court erred in concluding that the trooper lacked reasonable, articulable suspicion to justify the stop of respondent Robert Carl Thoensen's car.  We affirm.

**FACTS**

On October 27, 2015, respondent was driving his car, displaying Colorado license plates, on Interstate 35 in Steele County, Minnesota. A Minnesota state trooper saw respondent's car and suspected that the car's window tint was darker than allowed under Minnesota law. The trooper stopped the vehicle and, after smelling the odor of marijuana from inside the car, sought respondent's consent to search the car. After respondent and his passenger consented to the search, troopers found 26.9 grams of cocaine. Respondent was arrested and charged with one count of first-degree possession of a controlled substance in violation of Minn. Stat. § 152.021, subd. 2(a)(1) (2014), and one count of importing controlled substances across state borders in violation of Minn. Stat. § 152.0261, subd. 1 (2014).

Respondent moved the district court to suppress the evidence obtained from the stop, arguing that there was no legal basis for the stop and that the stop was the result of the trooper's mistake of law. The parties agreed to the following stipulated facts at the omnibus hearing:

1. [Respondent] was driving a motor vehicle in Steele County on October 27, 2015.
2. The vehicle was a 2014 Volkswagen Jetta, bearing Colorado license plate 591-QLZ. This vehicle is registered to [respondent].
3. As the vehicle passed [the trooper] near mile post 34 on Interstate 35 in Steele County, [the trooper] observed that the window tint appeared to be darker than 50%, the threshold allowed under Minnesota law.
4. [The trooper] also checked Colorado law and believed that the window tint was darker than 27%, the threshold allowed under Colorado law.
5. [The trooper] initiated a traffic stop near mile post 35.

2

6. [The trooper] approached the vehicle, and [respondent] was identified as the driver by his Colorado Driver's License.

7. [The trooper] measured the window tint[1] and received a measurement of 18%.

The district court granted respondent's motion to suppress, concluding that the trooper illegally stopped respondent's car. The district court also dismissed the case, concluding that "given the suppression of the evidence, there is no probable cause for the charges . . . ." This appeal followed.

## DECISION

The state challenges the district court's pretrial suppression of the evidence obtained from the traffic stop. When the state appeals a pretrial suppression order, it "'must clearly and unequivocally' show both that the [district] court's order will have a 'critical impact' on the state's ability to prosecute the defendant successfully and that the order constituted error." *State v. Zanter*, 535 N.W.2d 624, 630 (Minn. 1995) (quoting *State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn. 1987). "[T]he critical impact of the suppression must be first determined before deciding whether the suppression order was made in error." *State v. Scott*, 584 N.W.2d 412, 416 (Minn. 1998). "Dismissal of a complaint satisfies the critical impact requirement." *State v. Trei*, 624 N.W.2d 595, 597 (Minn. App. 2001). Here, because the district court dismissed the complaint, the

---

[1] The parties' stipulation purports to have been a measurement of the "tint" of the windows. The statute prohibits windows with "a light transmittance of less than 50 percent." Minn. Stat. § 169.71, subd. 4(3). We interpret the parties' stipulation concerning "tint" to mean that appellant's window allowed light transmittance of only 18 percent, well below the statute's 50-percent requirement.

critical-impact requirement is satisfied.  We therefore consider whether the pretrial order constituted error.  *See id.*

The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures."  U.S. Const. amend. IV.  "A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment."  *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014).  The standard of review of a pretrial suppression ruling is de novo on the legal issue of whether a search was justified by reasonable suspicion or probable cause and clearly erroneous on the district court's findings of fact.  *State v. Burbach*, 706 N.W.2d 484, 487 (Minn. 2005).  Where the facts are undisputed, we review de novo the pretrial ruling.  *Id*.

To justify a brief investigatory traffic stop, police must have a reasonable suspicion of criminal activity.  *Heien*, 135 S. Ct. at 536; *State v. Richardson*, 622 N.W.2d 823, 825 (Minn. 2001).  "The reasonable-suspicion standard is not high."  *State v. Diede*, 795 N.W.2d 836, 843 (Minn. 2011) (quotation omitted).  Police must only show that the stop was based on more than "an inchoate and unparticularized suspicion or hunch."  *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008) (quotation omitted).  A stop will be upheld when police can articulate a particular objective basis for the stop.  *Id.*  A traffic violation, no matter how insignificant, generally provides such a basis.  *State v. Anderson*, 683 N.W.2d 818, 823 (Minn. 2004).

The trooper here based the traffic stop on his suspicion that respondent violated the Minnesota window-tint statute.  Minn. Stat. § 169.71, subd. 4(a)(3) (2014) provides:

> No person shall drive or operate any motor vehicle required to be registered in the state of Minnesota upon any street or highway under the following conditions:
>
> . . .
>
> (3) when any side window or rear window is composed of or treated with any material so as to obstruct or substantially reduce the driver's clear view through the window or has a light transmittance of less than 50 percent plus or minus three percent in the visible light range or a luminous reflectance of more than 20 percent plus or minus three percent . . . .

The plain language of the statute limits its application to motor vehicles "required to be registered" in Minnesota. *Id.* Minnesota law requires an individual to register a motor vehicle in the state either (1) within 60 days of the owner residing in Minnesota, (2) when ownership is transferred, or (3) when the out-of-state registration expires. Minn. Stat. § 168.012, subd. 8 (2014).

Here, respondent's vehicle was registered in Colorado. Only if respondent was a resident of Minnesota for 60 days or more, or had recently transferred ownership of the car, would there be a basis for the trooper to have suspected a violation of Minn. Stat. § 169.71, subd. 4(a)(3). Respondent argues that upholding a stop on this basis would justify an officer stopping *any* vehicle with an out-of-state license plate. The Minnesota Supreme Court has cautioned against such broadly applicable justifications. *See State v. Britton*, 604 N.W.2d 84, 89 (Minn. 2000).

In *Britton*, two officers stopped a vehicle based on the sole observation of a broken rear-passenger window covered with a plastic bag. *Id.* at 86. One officer testified that, in his experience, a broken window was an indication that a vehicle may have been stolen. *Id.* The supreme court explained that, although deference is given to police

5

officer training and experience, the officer's stated rationale for stopping the vehicle "would support stopping any car at all with a broken window." *Id.* at 89. The supreme court held that without any other articulable reasons, this observation alone was insufficient to justify the stop. *Id.*

The state attempts to distinguish *Britton* by arguing that "there was no indication of a criminal or traffic violation" in *Britton*; but here, the trooper suspected respondent's window tint was noncompliant with both Minnesota and Colorado law. The state asserts that "if the vehicle is equally in violation of either Minnesota law or the law of its jurisdiction of registration, then there is at least a rational basis to infer that the vehicle may also not be properly registered under Minnesota law."

The state's argument is readily distinguishable from the cases upon which it relies for authority. *See State v. Pike*, 551 N.W.2d 919, 922 (Minn. 1996) (upholding stop where police officer observed a vehicle whose registered owner's driving privileges were revoked); *State v. Cox*, 807 N.W.2d 447, 449 (Minn. App. 2011) (upholding stop where police officer observed a vehicle with current-year license plate tabs, but a records check showed the vehicle registration had expired two years earlier). Both *Pike* and *Cox* involved police officers observing particularized and identifiable suspected violations. Here, the trooper did not observe any violation of Minnesota law. Instead, the trooper's suspicion concerning the registration element of the window-tint statute was based entirely on speculation. It is well-established that speculation is insufficient to support a stop. *See Timberlake*, 744 N.W.2d at 393. The district court correctly concluded that the trooper lacked a reasonable, articulable suspicion for stopping respondent.

6

The state also argues that the stop could be justified by the apparent violation of Colorado law. But a Minnesota trooper has no authority to enforce Colorado law. *See State v. Smith*, 421 N.W.2d 315, 318 (Minn. 1988) (noting that, under common law, one state cannot enforce another state's criminal laws). The state makes no persuasive showing that, even assuming that the window tint violated Colorado law, this fact would make it more likely—and not speculative—that the vehicle was required to be registered in Minnesota.

Respondent argues on appeal that an officer's mistake of law does not provide sufficient justification for a traffic stop in Minnesota. *See Heien*, 135 S. Ct. at 536 (holding that under the United States Constitution, "a reasonable suspicion can [in appropriate circumstances] rest on a mistaken understanding of the scope of a legal prohibition"). But, the state expressly disclaimed any mistake-of-law argument on appeal. We therefore do not consider respondent's arguments concerning mistakes of law. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that an appellate court will not consider matters not argued to and considered by the district court); *State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997) (explaining that issues not briefed on appeal are waived), *review denied* (Minn. Aug. 5, 1997).

The district court correctly concluded that "the presence of windows tinted darker than allowable under Minnesota law does not give officers reasonable suspicion to stop every car with an out-of-state license plate on the theory that they could potentially be required to register their car in Minnesota."

**Affirmed.**