*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0700**

State of Minnesota,
Appellant,

vs.

Devin Keith Barner,
Respondent.

**Filed November 21, 2016
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CR-15-28883

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, James R. Hanneman, Assistant County Attorney, Minneapolis, Minnesota (for appellant)

Mary Moriarty, Hennepin County Public Defender, Laura G. Heinrich, Assistant Public Defender, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Tracy M., Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

The state appeals from the district court's pretrial order suppressing evidence found after respondent's arrest. The district court determined that the arrest was invalid under

Minn. R. Crim. P. 6.01, and it therefore suppressed the evidence seized incident to the arrest. The state argues on appeal that the arrest was both constitutional and proper under rule 6.01. We affirm.

**FACTS**

On October 8, 2015, a police officer saw a truck being driven by a person he knew to be respondent Devin Barner. From earlier contacts with respondent, the officer had learned that respondent did not have a valid driver's license. He therefore conducted a traffic stop, arrested respondent, and searched him. During the search, officers found plastic bags containing illegal drugs. The state then charged respondent with drug crimes based on the evidence the officers recovered. Respondent moved to suppress the evidence seized from him after the traffic stop, arguing that the arrest and search were unconstitutional, and that the arrest violated Minn. R. Crim. P. 6.01, which provides that, in misdemeanor cases, peace officers must, in the absence of a warrant, "issue a citation and release the defendant," except in identified circumstances..

At the suppression hearing, the arresting officer and respondent testified. A squad video of the arrest, with an audio track, was admitted into evidence. The parties agreed that the arresting officer had interacted with respondent before the October 8 stop, and that the officer had learned during an earlier interaction that respondent's driver's license was suspended. The officer had warned respondent to get a valid license before driving again. The officer testified that his most recent interaction with respondent took place one or two weeks before the October 8 stop, during which he confirmed that respondent had not obtained a valid driver's license.

Concerning the October 8 stop, the officer testified that he recognized respondent's truck and was able to identify respondent by sight. The officer signaled respondent to pull over, and told his partner that he intended to arrest respondent for driving without a license. The squad video shows that the officer approached respondent's truck, and the officer can be heard on the recording's audio track asking respondent if he had gotten his license yet. Respondent's answer to the question is inaudible on the recording, and the record contains no testimony concerning respondent's reply. The officer arrested respondent. The record contains no evidence that, before the arrest, the officer verified respondent's unlicensed status.

The district court granted respondent's motion to suppress, stating that the arrest was invalid because it violated Minn. R. Crim. P. 6.01. The state appeals from that pretrial order.

## D E C I S I O N

**The pretrial ruling had a critical impact**

"When the state appeals a pretrial order, it must show clearly and unequivocally (1) that the ruling was erroneous and (2) that the order will have a 'critical impact' on its ability to prosecute the case." *State v. McLeod*, 705 N.W.2d 776, 784 (Minn. 2005) (quoting *State v. Anderson*, 683 N.W.2d 818, 821 (Minn. 2004), and *State v. Richardson*, 622 N.W.2d 823, 825 (Minn. 2005)); *see also* Minn. R. Crim. P. 28.04, subd. 2(2) (setting out the procedure for the state to appeal a pretrial order).

The parties agree that the district court's pretrial suppression order has a critical impact on the state's ability to prosecute the case. The evidence necessary to show that

3

appellant committed a drug crime has been suppressed, leaving the state with insufficient evidence to proceed to trial. The state has demonstrated critical impact entitling it to appeal pretrial.

**Standard of review on appeal**

The parties disagree on the standard of review we should apply to the district court's suppression order for what it determined was a violation by the state of Minn. R. Crim. P. 6.01. The state argues that we should defer not to the district court in its rule 6.01 determination, but should instead defer to the officer's opinion when deciding whether the warrantless arrest for committing a misdemeanor "reasonably appeared" to fall under an exception to Minn. R. Crim. P. 6.01. Respondent argues that we should defer to the district court in all matters, including errors of law.

We need not reach the questions of whether rule 6.01 prohibits the arrest, or what would be the proper remedy for a rule 6.01 violation, because we conclude that the arrest was without probable cause in violation of the Fourth Amendment of the United States Constitution and article 1, section 10 of the Minnesota Constitution.

**Respondent preserved the constitutional issues**

Respondent argues on appeal that his arrest was both unconstitutional and in violation of Minn. R. Crim. P. 6.01. Appellant argues that respondent forfeited any claim that the stop and arrest violated the Fourth Amendment of the United States Constitution and article 1, section 10 of the Minnesota Constitution because those issues were not raised to the district court. We "generally will not decide issues which were not raised before the

4

district court, including constitutional questions of criminal procedure." *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

The record shows that respondent argued to the district court that the stop and search were unconstitutional. Respondent argued at the suppression hearing that "it's clear that the officers did violate [appellant's] constitutional rights by making this, in my opinion, unjustified stop and search and arrest right away." The constitutionality of the stop and arrest were preserved.

**The traffic stop was supported by reasonable and articulable suspicion**

We next consider whether the traffic stop was proper. The Fourth Amendment of the United States Constitution and article 1, section 10 of the Minnesota Constitution both protect the "right of the people to be secure in their persons, houses, papers, and effects" against "unreasonable searches and seizures." U.S. Const. amend. IV; Minn. Const. art. I, § 10. The United States Supreme Court has held that the Fourth Amendment requires an officer to have "a reasonable, articulable suspicion that criminal activity is afoot" in order to "conduct a brief, investigatory stop." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 675 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968)). The Minnesota Supreme Court has held that this same standard applies when evaluating "the reasonableness of searches and seizures during traffic stops even when a minor law has been violated." *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008) (quotation omitted). This standard "is not high" and, while it is less than the probable cause standard, it still requires "at least a minimal level of objective justification for making the stop." *Id.* (quotation omitted).

5

Respondent does not dispute the state's claim that the arresting officer had learned one or two weeks before the October 8 stop that respondent did not have a valid driver's license. The only dispute is whether, based on these facts, the officer had a reasonable suspicion to stop respondent. The fact that the officer had recently confirmed that respondent did not then have a valid license and then saw respondent driving a truck was sufficient to support a reasonable, articulable suspicion that respondent was driving without a valid license. Therefore, the stop was constitutional.

**The officer lacked probable cause to arrest appellant**

Finally, we turn to whether the officer had probable cause to arrest respondent. An officer has probable cause to arrest a person when "objective facts are such that under the circumstances a person of ordinary care and prudence would entertain an honest and strong suspicion that a crime has been committed." *State v. Wynne*, 552 N.W.2d 218, 221 (Minn. 1996) (quotation omitted). Officers cannot use the fruits of their search to justify it. *Rios v. United States*, 364 U.S. 253, 261-62, 80 S. Ct. 1431, 1436 (1960) (holding that after an arrest occurred "nothing that happened thereafter could make that arrest lawful, or justify a search as its incident"). An officer may arrest a person who commits a "public offense" in the officer's presence. Minn. Stat. § 629.34, subd. 1(c)(1) (2014). This includes misdemeanor offenses "committed or attempted in the officer's presence." *State v. Richmond*, 602 N.W.2d 647, 653 (Minn. App. 1999), *review denied* (Minn. Jan. 18, 2000).

Here, the officer based the arrest on his previous knowledge that respondent did not have a valid driver's license as of several weeks before October 8. The squad video shows the officer approach respondent's vehicle, and he can be heard asking respondent whether

6

he had gotten a valid license yet. There is no recording of respondent's reply. As the district court found, the response is inaudible. Neither the officer nor respondent testified to what respondent said in response to the question. The officer made no claim that he verified respondent's unlicensed status before the arrest. The only record evidence supporting the arrest of respondent is the officer's knowledge that respondent did not have a valid license one or two weeks before the arrest. While this is sufficient to support a reasonable suspicion that respondent was driving without a license, it is well short of probable cause to arrest respondent. At a minimum, the officer would have needed some confirmation, either by respondent's admission or by consulting official driver's license records, that respondent was in fact unlicensed. The record contains nothing to have confirmed respondent's unlicensed status before he was arrested. Therefore, and on this record, the arrest was without probable cause and unconstitutional. The arrest is the only basis advanced by the state as having justified the search of appellant. That officers later confirmed respondent's suspected unlicensed status and found evidence of drugs in the search conducted after the arrest does not justify the search.

Because respondent's arrest was unconstitutional, the evidence seized pursuant to it must be suppressed. *State v. Harris*, 590 N.W.2d 90, 97 (Minn. 1999). The district court's suppression order was not in error.

**Affirmed.**